UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Case No. EP-22-CR-00773-DB |
| § | |
| Adrian Gil II, § | |
| § | |
| Defendant. § | |

**GOVERNMENT'S UNOPPOSED MOTION
FOR A PROTECTIVE ORDER**

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and files this, Government's Motion for a Protective Order, and would show the Court the following:

**I.
BACKGROUND**

On June 1, 2022, a Grand Jury sitting in the Western District of Texas, El Paso Division, returned an indictment against the Defendant Adrian Gil, II in the above referenced cause. The indictment charges defendants with Possession of a Firearm by a Known User of Drugs. As part of its discovery obligations, the Government will produce reports prepared by the Bureau of Tobacco, Firearms and Explosives (ATF) and the El Paso Police Department (EPPD). The documents contain Personal Identifying Information (PII) of individuals interviewed by both the ATF and the EPPD. Given the sensitive nature of many of the PII, the Government respectfully seeks a protective order prohibiting dissemination of discovery material and the PII to any persons or entities not parties to this litigation.

## II.
## ARGUMENT

Rule 16(d)(1) of the Federal Rules of Criminal Procedure explicitly provides that "at any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The Supreme Court counseled long ago that "[t]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969); *see also United States v. Carriles*, 654 F. Supp. 2d. 557, 566 (W.D. Tex. 2009) (citing *Alderman*). The Fifth Circuit has held that discovery motions are matters committed to the sound discretion of the trial court and are reviewed only for abuse of discretion. *United States v. Stone*, 472 F.2d 909, 916 (5th Cir. 1973).

As noted above, the documents the Government intends to produce or make available contains the PII of individuals who were questioned by both ATF agents and EPPD officers. The PII of these individuals contain information such as Social Security Numbers, birth dates, home addresses and other sensitive information which is not suitable for dissemination to the public. Consequently, the United States seeks a protective order prohibiting defense counsel from disseminating or disclosing the discovery materials to any person other than attorney support staff, defendant, and any consulting expert witnesses. The proposed Protective Order would not preclude defense counsel from discussing and reviewing the discovery with the defendant and does not preclude the use of any document at trial or an evidentiary hearing.

Counsel for the Government has conferred with counsel for Adrian Gil, II concerning this motion and order, and counsel is unopposed to this motion and order.

### III.
### CONCLUSION

WHEREFORE, the Government respectfully requests that the Court grant its requested Protective Order.

Respectfully submitted,

ASHLEY C. HOFF
UNITED STATES ATTORNEY

By: _____/s/_____
STANLEY M. SERWATKA
Assistant U.S. Attorney
Texas Bar #18038400
700 E. San Antonio, Suite 200
El Paso, Texas 79901
Telephone: (915) 534-6884
Fascimile: (915) 534-6024

3

## CERTIFICATE OF SERVICE

  I hereby certify that on the August 17, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following participant:

Denise E. Butterworth,
Attorney for Defendant

                 /s/
              Stanley M. Serwatka
              Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| vs. § | Case No. EP-22-CR-00773-DB |
| § | |
| **Adrian Gil II,** § | |
| § | |
| § | |
| **Defendant.** § | |

## PROTECTIVE ORDER

On this date came on to be considered the Government's Motion for a Protective Order. The Court, having considered the Motion for Protective Order, is of the opinion that said motion should be granted.

IT IS THEREFORE ORDERED that the Government's Motion for Protective Order be, and is hereby GRANTED.

IT IS FURTHER ORDERED that Defendant Adrian Gil, II and his defense counsel shall not disseminate or disclose any Personal Identifying Information from the documents produced by the Government in this case or the content of any of the documents to any other person or entity. However, Defendant and defense counsel may disclose documents to support staff and any consulting expert witnesses as necessary for the preparation and litigation of this case. Any documents provided to support staff and consulting expert witnesses shall be returned to defense counsel no later than completion of this case in District Court.

IT IS FURTHER ORDERED that Defendant may enter the documents as exhibits and may utilize the contents of such documents during the questioning of witnesses at trial or at an

evidentiary hearing if such entry as an exhibit and such questioning is determined by the Court to be admissible and subject to the Court's requiring the redaction of any Personal Identifying Information contained in any document so admitted.

SIGNED and ENTERED this _____ day of August, 2022.

_____
HONORABLE DAVID BRIONES
UNITED STATES DISTRICT JUDGE