```
 1                    UNITED STATES DISTRICT COURT

 2                 FOR THE WESTERN DISTRICT OF TEXAS

 3                         EL PASO DIVISION

 4

 5   UNITED STATES OF AMERICA      )  No. EP-22-CR-773-DB
                                   )
 6   vs.                          )  El Paso, Texas
                                   )
 7   ADRIAN GIL, II                )  November 10, 2022
     _____

 8

 9

10                              PLEA

11            BEFORE THE HONORABLE DAVID BRIONES

12                 UNITED STATES DISTRICT JUDGE

13

14

15   A P P E A R A N C E S:

16   FOR THE GOVERNMENT:   MR. STANLEY M. SERWATKA
                           Assistant United States Attorney
17                         700 E. San Antonio, Suite 200
                           El Paso, Texas  79901
18

19   FOR THE DEFENDANT:    MS. DENISE BUTTERWORTH
                           Attorney at Law
20                         525 N. Kansas
                           El Paso, Texas  79902
21

22

23

24        Proceedings reported by court reporter.  Transcript

25   produced via computer-aided transcription.
```

```
1    (Tess Saenz sworn to interpret Spanish into English.)

2              THE COURT:  The clerk will call the cases.

3              THE CLERK:  EP-21-CR-725, Kayla Bishop; EP-22-CR-773,

4    Adrian Gil, II; and EP-22-CR-1633, Dany Gustavo Ramos-Ramos.

5              MR. SERWATKA:  Good morning, Your Honor.  Stanley

6    Serwatka in all three cases.

7              MR. SALAS:  Good morning, Your Honor.  Rafael Salas on

8    behalf of Kayla Bishop.  Ready to plead to Count One pursuant

9    to a plea agreement, Your Honor.

10             MS. BUTTERWORTH:  Good morning, Your Honor.  Denise

11   Butterworth on behalf of Mr. Gil, and we're ready to proceed.

12             MR. MONCAYO:  Good morning, Your Honor.  Jose Moncayo

13   on behalf of Dany Gustavo Ramos-Ramos.  Ready to proceed to a

14   plea and sentencing.

15             THE COURT:  I understand that you are all here to

16   enter a plea of guilty.  That means that I'm going to be asking

17   you many questions and I expect you to answer them truthfully.

18             You are Kayla Bishop?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  Ms. Bishop, there was an eleven-count

21   Superseding Indictment filed in this case.  I'm not aware of

22   how many counts you were mentioned in, but you are mentioned in

23   Count One of your Indictment, and that is conspiracy to import

24   50 grams or more of methamphetamine.

25             Are you going to enter a plea of guilty here to Count
```

1    One of your Indictment, Ms. Bishop?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Mr. Gil, and I expect you to be on time

4    next time.

5              Do you understand that?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  You were indicted on a single-count

8    charging you with drug use or in possession of a firearm.

9              Are you going to enter a plea of guilty here today to

10   Count One of your Indictment, Mr. Gil?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  You are Dany Gustavo Ramos-Ramos?

13             THE DEFENDANT:  Yes.

14             THE COURT:  Mr. Ramos, the Grand Jury issued a

15   single-count Indictment charging you with having made a false

16   material statement.

17             Do you understand what you have been charged with in

18   the first and only count of your Indictment, Mr. Ramos?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Are you entering a plea of guilty here

21   today to having made a false material statement?

22             THE DEFENDANT:  Yes.

23             THE COURT:  I'm going to presume that your attorney

24   has advised you of all of your rights.  One of those rights is

25   that you do not have to testify or answer any of my questions,

1    but if you are here to enter a plea of guilty, I will need to

2    ask you many questions and if you want to enter your plea, it

3    will be necessary that you answer my questions.

4            Are you willing to waive your right to remain silent

5    and will you answer my questions, Ms. Bishop?

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  Mr. Gil?

8            THE DEFENDANT:  Yes, Your Honor.

9            THE COURT:  Mr. Ramos?

10           THE DEFENDANT:  Yes, Your Honor.

11           THE COURT:  The clerk is going to swear all of you in.

12           THE CLERK:  Please raise your right hand.

13       *(Defendants duly sworn.)*

14           DEFENDANT BISHOP:  I do.

15           DEFENDANT GIL:  I do.

16           THE INTERPRETER:  "Yes" by Mr. Ramos.

17           THE CLERK:  You may lower your hand.

18           THE COURT:  Do you understand that you have taken an

19    oath to respond truthfully?  If you do not respond truthfully,

20    you could be subjected to the penalties of perjury?

21           Do you understand, Ms. Bishop?

22           THE DEFENDANT:  Yes.

23           THE COURT:  You need to speak up.

24           THE DEFENDANT:  Yes, sir.

25           THE COURT:  Loud enough.  Everything is being

1    recorded.

2            Do you understand, Mr. Gil?

3            THE DEFENDANT:  Yes, Your Honor.

4            THE COURT:  Do you understand, Mr. Ramos?

5            THE DEFENDANT:  Yes.

6            THE COURT:  Are you under the influence of any drugs,

7    medication or alcohol here today, Ms. Bishop?

8            THE DEFENDANT:  No, sir.

9            THE COURT:  Mr. Gil?

10            THE DEFENDANT:  No, Your Honor.

11            THE COURT:  Mr. Ramos?

12            THE DEFENDANT:  No.

13            THE COURT:  If there's something you do not

14    understand, take it up with your attorney or bring it to my

15    attention.

16            Ms. Bishop, how old are you, ma'am?

17            THE DEFENDANT:  How old am I?

18            THE COURT:  How old are you?

19            THE DEFENDANT:  31, sir.

20            THE COURT:  Speak up.

21            THE DEFENDANT:  31.

22            THE COURT:  31.  How much education do you have?

23            THE DEFENDANT:  High school diploma.

24            THE COURT:  Mr. Salas, any reason to question the

25    competency of Ms. Bishop?

1          MR. SALAS:  No, Your Honor.  I believe she's

2     competent.

3          THE COURT:  Mr. Gil, how old are you?

4          THE DEFENDANT:  24, Your Honor.

5          THE COURT:  How much education do you have?

6          THE DEFENDANT:  Some college, Your Honor.

7          THE COURT:  Ms. Butterworth, any reason to question

8     the competency of Mr. Gil?

9          MS. BUTTERWORTH:  No, Your Honor.

10          THE COURT:  Mr. Ramos, you are 18 years old?

11          THE DEFENDANT:  Yes.

12          THE COURT:  And, you have six years of education?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Mr. Moncayo, any reason to question the

15     competency of Mr. Ramos?

16          MR. MONCAYO:  No, Your Honor.

17          THE COURT:  Mr. Serwatka, any reason to question the

18     competency of any of the defendants?

19          MR. SERWATKA:  No, Your Honor.  The Government's file

20     as to each of the three defendants contains no information that

21     would raise an issue of competence.

22          THE COURT:  Very well.  I will rule that all the

23     defendants are competent to proceed with their plea.

24          Now, before I can ask you if you're guilty or not, I

25     need to discuss some of these rights with you.  These rights

1    that I'm going to discuss with you should -- must be waived by

2    you if you are to proceed to a sentence -- excuse me, to a

3    guilty plea.

4            You have the right to have a trial by jury.

5            You have the right to have the Government prove you

6    guilty beyond a reasonable doubt.

7            You have a right to be presumed innocent.

8            You have the right to an acquittal.  An acquittal is a

9    finding of not guilty if the Government fails to prove you

10    guilty beyond a reasonable doubt.

11            You have a right to confront and question any witness

12    brought forth by the Government.

13            You have the right to object to evidence offered by

14    the Government.

15            You have the right to offer evidence in your own

16    behalf.

17            I've already informed you of your right to remain

18    silent, but you also have the right to have the Court advise

19    the jury in the event of a trial where you did not testify that

20    the jury could not consider that fact against you for any

21    reason.

22            Now, if you persist in pleading guilty and if I do

23    accept your plea of guilty, you must understand that you will

24    first have to waive your right to trial and these other rights

25    that I have just discussed with you.

1          If you do plead guilty, there will be no trial.  I

2     will enter a judgment of guilty and then proceed to sentence

3     you after I have reviewed a Presentence Report that has been

4     prepared or will be prepared by the U.S. Probation Office.

5          Now, having discussed these rights with you I need to

6     know first of all if you have understood all of them,

7     Ms. Bishop?

8               THE DEFENDANT:  Yes, sir.

9               THE COURT:  Mr. Gil?

10              THE DEFENDANT:  Yes, Your Honor.

11              THE COURT:  Mr. Ramos?

12              THE DEFENDANT:  Yes.

13              THE COURT:  Having understood these rights, are you

14    willing to waive them and continue with this plea of guilty,

15    Ms. Bishop?

16              THE DEFENDANT:  Yes, sir.

17              THE COURT:  Mr. Gil?

18              THE DEFENDANT:  Yes, Your Honor.

19              THE COURT:  Mr. Ramos?

20              THE DEFENDANT:  Yes.

21              THE COURT:  Ms. Bishop, if you enter a plea of guilty

22    to conspiracy to import 50 grams or more of methamphetamine,

23    the maximum possible sentence that you may receive is

24    incarceration of 10 years to life, and/or a fine of 0 to

25    $10 million, plus supervised release of 5 years minimum and a

1    $100 assessment to the Crime Victim's Fund.

2          Do you understand what the maximum possible sentence

3    can be if you enter a plea of guilty here today, Ms. Bishop?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Mr. Gil, if you enter a plea of guilty to

6    having been a drug user in possession of a firearm, the maximum

7    possible sentence that you may receive is incarceration of 0 to

8    10 years, and/or a fine of 0 to $250,000, plus supervised

9    release of up to 3 years, and a $100 assessment to the Crime

10    Victim's Fund.

11          Do you understand what the maximum possible sentence

12    can be if you enter a plea of guilty here today, Mr. Gil?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  Mr. Ramos, if you enter a plea of guilty

15    of having made a false material statement, the maximum possible

16    penalty that you may receive is incarceration of 0 to 5 years,

17    and/or a fine of 0 to $250,000, plus supervised release of 0 to

18    3 years, and a $100 assessment to the Crime Victim's Fund.

19          Do you understand what the maximum possible sentence

20    can be if you enter a plea of guilty here today, Mr. Ramos?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Has anyone threatened you, coerced you or

23    in any way forced you to come here today to enter a plea of

24    guilty, Ms. Bishop?

25          THE DEFENDANT:  No, sir.

 1          THE COURT:  Mr. Gil?

 2          THE DEFENDANT:  No, Your Honor.

 3          THE COURT:  Mr. Ramos?

 4          THE DEFENDANT:  No.

 5          THE COURT:  Has any promise been made to you to induce

 6  you to plead guilty here today, Mr. Gil?

 7          THE DEFENDANT:  No, Your Honor.

 8          THE COURT:  Mr. Ramos?

 9          THE DEFENDANT:  No.

10          THE COURT:  Ms. Bishop, I have a plea agreement here

11  before me.  It has been signed and dated the 8th, signed by

12  you, your attorney and the Assistant U.S. Attorney, and it

13  states that you have carefully read and reviewed the entirety

14  of the plea agreement, or that it has been read to you and

15  reviewed with you and your attorney, that you understand your

16  rights and respect the pending criminal charges.

17          You agree to the specific terms and conditions of the

18  plea agreement, and the plea agreement, in addition to being

19  signed by you, every page is initialed indicating that you have

20  read it or it has been read to you.

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  Is that correct?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  I also have a sealed addendum.  The sealed

25  addendum also has been signed by you, your attorney and the

1    Assistant U.S. Attorney, and the sealed addendum gives

2    additional facts in regard to your plea, and, it is sealed, so

3    I'm not going to go over it with you.

4         Did you, in fact, also execute -- well, read and

5    execute the sealed addendum?

6         THE DEFENDANT:  Yes, sir.

7         THE COURT:  I'm going to go over a portion of your

8    plea agreement with you, but not the whole thing, just parts of

9    it.

10        The plea agreement I have before me states that you,

11   Kayla Bishop, agree to enter a plea of guilty to Count One of

12   the Superseding Indictment charging you with conspiracy to

13   import a controlled substance, that being methamphetamine.

14        Did you agree to enter a plea of guilty to conspiracy

15   to import a controlled substance?

16        THE DEFENDANT:  Yes, sir.

17        THE COURT:  In exchange, the Government will move to

18   dismiss all of the other remaining charges against you.  The

19   plea agreement states what the maximum penalty can be, and I've

20   discussed that with you already.

21        You state in the plea agreement that no person has

22   promised you what sentence you will receive; is that correct?

23        THE DEFENDANT:  Yes, sir.

24        THE COURT:  The plea agreement has a waiver of rights.

25   I've discussed that with you already also.

1        You knowingly and voluntarily waive your right to

2    appeal whatever judgment and sentence I may impose, but you do

3    retain your rights to appeal if you believe your sentence is a

4    violation of your constitutional rights based on claims of

5    ineffective assistance of counsel or prosecutorial misconduct.

6        There is a sentencing agreement.  The Government

7    agrees that it will not oppose that you receive the maximum

8    applicable downward adjustment for you having accepted

9    responsibility.

10        Now, if you were to violate any of the terms of the

11    plea agreement, then the Government would be released from its

12    obligation under the plea agreement and may at its sole

13    discretion move to set aside your guilty plea and proceed

14    against you on other charges at sentencing or in any

15    prosecution, the Government may use against you any statements

16    that you have made as part of the guilty plea.

17        It may advocate for any sentence up to and including

18    the statutory maximum, and it can decline to seek a reduced

19    sentence; that is, if you were to violate the terms of your

20    plea agreement.

21        Now, in regard to the portions that I have discussed

22    with you, Ms. Bishop, did I correctly state those portions with

23    you now?

24        THE DEFENDANT:  Yes, sir.

25        THE COURT:  Do you concur?

1           THE DEFENDANT:  Yes.

2           THE COURT:  You concur with that, Mr. Salas?

3           MR. SALAS:  Yes, Your Honor.

4           THE COURT:  Now, I have discussed with you a portion

5    of the promises that have been made to you, has any other

6    promise been made to you that I did not discuss with you?

7           THE DEFENDANT:  No, sir.

8           THE COURT:  Now, to all of you, did your attorney

9    inform you of what these Sentencing Guidelines are?  Did your

10   attorney inform you that even though the guidelines are

11   advisory ordinarily the Court will follow them?  And, did your

12   attorney also advise you how these guidelines are likely to be

13   applied to you in your case, Ms. Bishop?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Mr. Gil?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  Mr. Ramos?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Now, Ms. Bishop and Mr. Gil, I'm not going

20   to make a determination today of what guidelines apply to your

21   case.  The Probation Department is going to prepare a

22   Presentence Report on you.

23          When that report has been prepared, it will be turned

24   over to your attorney.

25          Your attorney will have the opportunity to review the

1    report with you, and you will have the opportunity to return

2    here to court and at that time you may make -- bring to my

3    attention any corrections that you feel should be made to your

4    report.

5              Do you understand all that, Ms. Bishop?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  Mr. Gil?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  Do you understand that once I have made a

10   determination of what guidelines apply to your case, that I

11   still retain certain authority to impose a sentence that may be

12   more severe or less severe than the sentence that is called for

13   by the Advisory Guidelines.

14             Do you understand, Ms. Bishop?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Mr. Gil?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  Mr. Ramos?

19             THE DEFENDANT:  Yes.

20             THE COURT:  Do you understand that if the sentence

21   that I do impose is more severe than what you expected, you

22   will still be obligated, and you will not be able to withdraw

23   your plea of guilty.

24             Do you understand, Ms. Bishop?

25             THE DEFENDANT:  Yes, sir.

1        THE COURT:  Mr. Gil?

2        THE DEFENDANT:  Yes, Your Honor.

3        THE COURT:  Mr. Ramos?

4        THE DEFENDANT:  Yes.

5        THE COURT:  You have indicated that your attorney has

6   advised you about the Sentencing Guidelines and how they may be

7   applied to you in your case.  Other than the information

8   provided by your attorney on the Sentencing Guidelines, has

9   anyone made any prophecy or promise to you of what sentence I'm

10  going to give you, Ms. Bishop?

11       THE DEFENDANT:  No, sir.

12       THE COURT:  Mr. Gil?

13       THE DEFENDANT:  No, Your Honor.

14       THE COURT:  Mr. Ramos?

15       THE DEFENDANT:  No.

16       THE COURT:  Ms. Bishop, if you were to proceed to

17  trial on Count One of your Indictment, for you to be convicted

18  of conspiracy to import 50 grams or more of methamphetamine,

19  the Government would be obligated to prove beyond a reasonable

20  doubt that two or more persons made an agreement to commit the

21  crime of importing 50 kilograms or more of methamphetamine into

22  the United States;

23       That you knew the unlawful purpose of your agreement;

24  and you joined in it willfully with the intent to further the

25  unlawful purpose.

1   Now, do you understand what the Government would be

2   obligated to prove for you to be convicted of conspiracy to

3   import 50 grams or more of methamphetamine, Ms. Bishop?

4   THE DEFENDANT:  Yes, sir.

5   THE COURT:  To Count One of your Indictment charging

6   you with conspiracy to import 50 grams or more of

7   methamphetamine, how do you plead, guilty or not guilty?

8   THE DEFENDANT:  Guilty.

9   THE COURT:  Mr. Serwatka, what are you prepared to

10  prove here?

11  MR. SERWATKA:  Your Honor, if this case were to

12  proceed to trial, the United States would be prepared to prove

13  that the defendant acknowledged -- the attorney has explained

14  to the defendant all of the elements of each of the offenses of

15  pleading guilty.  She understands that if the defendant pled

16  not guilty, the United States would be required to prove the

17  elements that the Court had said to the satisfaction of a jury.

18  Defendant admits that on February 23, 2021, in the

19  Western District of Texas, co-conspirator listed as CC1 and

20  Deserey Sherri Gonzales attempted to enter the United States

21  from Mexico at the Paso del Norte Port of Entry in El Paso,

22  Texas, located in the Western District of Texas.

23  CC1 was the driver and registered owner of a white

24  2005 Chevrolet Silverado bearing New Mexico license plate

25  Number 524 which was a target vehicle number one.  Gonzales was

1  a passenger in the vehicle.

2          During the vehicle inspection a Customs and Border

3  Protection officer noticed that CC1 was nervous and later found

4  a white crystal-like substance located in the secret

5  compartment inside the vehicle's gas tank.  The white

6  crystal-like substance tested positive for the properties of

7  methamphetamine and had a total gross weight of

8  20.68 kilograms.

9          Based on the investigation, agents discovered CC1 was

10  recruited by CC2, who was working for again CC3,

11  co-conspirators, and CC3 employed CC2 to recruit load drivers

12  to unlawfully import the methamphetamine into the United States

13  from Mexico.

14          From on or about April 1, of 2020, through on or about

15  October 31, 2020, Defendant Kayla Bishop was responsible for

16  this task in this drug trafficking organization.

17          It was after October 2020, that the defendant left the

18  organization and CC2 began recruiting drivers for CC3.

19          Kayla Bishop now admits and affirms she knowingly

20  conspired with CC3 and others to unlawfully import

21  methamphetamine into the United States from Mexico during the

22  time period detailed in Count One of the Superseding

23  Indictment.

24          THE COURT:  Mr. Salas, any corrections to the factual

25  basis on Ms. Bishop?

1          MR. SALAS:  No, Your Honor.

2          THE COURT:  Ms. Bishop, having heard Mr. Serwatka

3    recite the facts of your case, is everything correct as he has

4    stated?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Mr. Gil, if you were to proceed to trial

7    on the charge of a drug user in possession of a firearm, the

8    Government would be obligated to prove beyond a reasonable

9    doubt that you knowing that you were an unlawful user of a

10   controlled substance as defined in Title 21 United States Code

11   Section 802, you did knowingly possess a firearm, that is; a

12   Glock 22, .40 caliber handgun bearing serial number KZB971.

13   The firearm having been shipped and transported in interstate

14   commerce.

15         Do you understand what the Government would be

16   obligated to prove for you to be convicted of being a drug user

17   in possession of a firearm, Mr. Gil?

18         THE DEFENDANT:  Yes, Your Honor.

19         THE COURT:  To the single-count Indictment charging

20   you with drug user in possession of a firearm, how do you

21   plead, sir, guilty or not guilty?

22         THE DEFENDANT:  Guilty, Your Honor.

23         THE COURT:  Mr. Serwatka, what are you prepared to

24   prove here?

25         MR. SERWATKA:  Your Honor, if this case were to

proceed to trial the United States would be prepared to prove
that on July 15 of 2021, in a custodial interview of the
defendant, which was recorded, the interview -- the defendant
was given his *Miranda* rights by an Agent Schuler of the
Alcohol, Tobacco, Firearms and Explosives.  He waived his
rights in writing and agreed to talk with Agent Schuler.

The defendant said all of the guns belonged to him,
and those guns were found at a residence that the defendant was
at.  They belonged to him, and he purchased most of the
firearms from private sales.  He said that he was on probation
for DUI and was also running a concurrent probation for
possession of marijuana.

He said the Keltec rifle belonged to him, and he
placed it in Vanessa Ramirez's room.  He said he purchased the
firearm from El Paso Gun Exchange.  He said he purchased the
Draco 7.26 pistol and black revolver from an old man in a
garage sale several years ago.  Defendant purchased both
firearms for a total of $1100.  He said sometime in 2018.

Defendant said he purchased the FN, .45 caliber
handgun from a private sale sometime in 2019.  He said he paid
$1,000 for that firearm.  And, that he purchased the Glock,
which was the handgun in this case, for $700.

Agent Schuler asked what happened the previous evening
that he got the police called.  Defendant said that he was
inside of his residence and heard some shouting outside, went

outside to see what was going on.  At this time, Agent Schuler

warned the defendant that lying to a federal agent is a crime

and to make sure that he was honest.

Agent Schuler asked Gil how long he had been using

marijuana.  Defendant said that he had been using marijuana

since he was 14 years old and that after high school he began

using marijuana daily.

Agent Schuler asked the Defendant if he knew it was a

federal offense to be a drug user in possession of a firearm.

Defendant said, "Trap.  Trap.  You got me."

Defendant said that he knew it was illegal to have

marijuana, a medical card from New Mexico, and have a firearm.

Defendant told Agent Schuler that marijuana helped him

eat more and said, "I just like good weed."

Agent Schuler asked the defendant if he was ever

concerned about having drugs and getting ripped off.  The

defendant said that he was concerned about people breaking into

his house.

At this time the defendant said he didn't want to

answer any more questions about the marijuana, and he said

he'll take the guns, indicating that all the firearms were his.

With regards to the Glock and all the other firearms,

nexus checks were made on them, and none of them were

manufactured in Texas, so they all moved in interstate

commerce.

1          THE COURT:  Ms. Butterworth, any corrections to the

2    factual basis on Mr. Gil?

3          MS. BUTTERWORTH:  No, Your Honor.

4          THE COURT:  Mr. Gil, having heard Mr. Serwatka recite

5    the facts of your case, is everything correct as he stated?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Mr. Ramos, if you were to proceed to trial

8    on the charge of having made a false material statement, the

9    Government would be obligated to prove beyond a reasonable

10   doubt that you did knowingly or willingly make a materially

11   false, fictitious and fraudulent statement and representation

12   in that you, after illegally entering the United States from

13   Mexico, falsely represented to Border Patrol agents that you

14   were a minor when, in fact, and in truth you were -- you knew,

15   you were not a minor;

16          That the false statement was made in an attempt to be

17   released into the United States.

18          Do you understand what the Government would be

19   obligated to prove for you to be convicted of having made a

20   false material statement, Mr. Ramos?

21          THE DEFENDANT:  Yes.

22          THE COURT:  To the single-count Indictment charging

23   you with having made a false material statement, how do you

24   plead, guilty or not guilty?

25          THE DEFENDANT:  Guilty.

1          THE COURT:  What are you prepared to prove here,

2   Mr. Serwatka?

3          MR. SERWATKA:  If this case were to proceed to trial,

4   Your Honor, the Government would be prepared to prove that on

5   September 7th of 2022, Dany Gustavo Ramos-Ramos was apprehended

6   by United States Border Patrol agents in El Paso, Texas, which

7   is in the Western District of Texas.

8          Defendant at that time claimed to be 13 years old.

9   U.S. Border Patrol agents provided the defendant with his

10  *Miranda* rights warning and a Title 18 U.S.C. 1001, provide a

11  false statement form.  The defendant signed the forms

12  acknowledging that he understood them.

13         During the interview the defendant continued to claim

14  that he was 13 years old.

15         Agents named defendant or -- returned defendant to a

16  holding cell while they investigated the statement.  Defendant

17  admitted to a contractor caretaker while he was in the holding

18  cell that he was 18 years old, and that he was sorry for lying

19  to agents.

20         Agents then spoke to the defendant who stated his true

21  date of birth, and that he had used his brother's birth

22  certificate.  The defendant said that he knew he would be

23  granted an immigration benefit if he posed as a minor.

24         The United States Department of Homeland Security

25  Customs and Border Protection is an agency of the department of

1    the United States.

2         THE COURT:  Mr. Moncayo, any corrections to the

3    factual basis on Mr. Ramos?

4         MR. MONCAYO:  Your Honor, I believe the day was

5    September 7th, is that what you have?

6         MR. SERWATKA:  That's what I said.

7         MR. MONCAYO:  Okay.  I thought you said September 9th.

8    I apologize.  No corrections, or objections, Your Honor.

9         THE COURT:  Mr. Ramos, having heard Mr. Serwatka

10   recite the facts of your case, is everything correct as he has

11   stated?

12        THE DEFENDANT:  Yes.

13        THE COURT:  Since you have all acknowledged that you

14   are guilty, Ms. Bishop of Count One of your Indictment, Mr. Gil

15   and Mr. Ramos of the single-count Indictment, and since you

16   have also acknowledged that you know your right to trial and

17   what the maximum punishment can be, and since you voluntarily

18   have entered a plea of guilty, I will accept your plea and

19   enter a judgment of guilty as to Kayla Bishop to the first

20   count of your Indictment, and guilty Mr. Gil and Mr. Ramos of

21   the single-count Indictment filed against each of you.

22        Ms. Bishop and Mr. Gil are scheduled to be sentenced

23   on February the 1st, 2023, at 9:30 a.m.

24        Mr. Gil, I understand that you have complied with the

25   terms of your release.  That's the report I get from Pretrial

1   Services.  They're recommending that you be allowed to remain

2   on bond pending sentencing, which you will be here on time for;

3   is that correct?

4           THE DEFENDANT:  Yes, Your Honor.

5           THE COURT:  I'll allow you to remain on bond pending

6   sentencing.

7           Ms. Bishop, Mr. Gil and counsel, you may all be

8   excused.

9           (Sentencing on defendant Ramos reported but not

10  requested.)

11                      *  *  *  *  *

12

13

14                      CERTIFICATION

15

16      I certify that the foregoing is a correct transcript from

17  the record of proceedings in the above-entitled matter.  I

18  further certify that the transcript fees and format comply with

19  those prescribed by the Court and the Judicial Conference of

20  the United States.

21

22  Date:  August 16, 2023

23                              /s/ Maria del Socorro Briggs

24                              Maria del Socorro Briggs

25