```
                    UNITED STATES DISTRICT COURT

                 FOR THE WESTERN DISTRICT OF TEXAS

                          EL PASO DIVISION


UNITED STATES OF AMERICA     )   No. EP-22-CR-773-DB
                             )
vs.                          )   El Paso, Texas
                             )
ADRIAN GIL, II               )   July 19, 2023




                            SENTENCING

               BEFORE THE HONORABLE DAVID BRIONES

                   UNITED STATES DISTRICT JUDGE




A P P E A R A N C E S:

FOR THE GOVERNMENT:    MR. CHRISTOPHER SKILLERN
                       Assistant United States Attorney
                       700 E. San Antonio, Suite 200
                       El Paso, Texas  79901

FOR THE DEFENDANT:     MS. DENISE BUTTERWORTH
                       Attorney at Law
                       525 N. Kansas
                       El Paso, Texas  79902




     Proceedings reported by court reporter.  Transcript
produced via computer-aided transcription.
```

1           THE COURT:  The clerk will call the first case.
2           THE CLERK:  EP-22-CR-773, USA versus Adrian Gil, II.
3           MR. SKILLERN:  Good morning, Your Honor.  Chris
4   Skillern on behalf of the Government.
5           MS. BUTTERWORTH:  Good morning, Your Honor.  Denise
6   Butterworth on behalf of Mr. Gil, and we're ready to proceed.
7           THE COURT:  You are Adrian Gil, II?
8           THE DEFENDANT:  Yes, sir, Your Honor.
9           THE COURT:  Ms. Butterworth, you did review the
10  Presentence Report with Mr. Gil?
11          MS. BUTTERWORTH:  Months ago, yes.  Yes, we did,
12  Your Honor.
13          THE COURT:  I believe you had three corrections.
14  They've been addressed; is that correct?
15          MS. BUTTERWORTH:  I think they've been addressed, and
16  then we had filed our motion to dismiss that was ruled on, and
17  then our sentencing was set for today.
18          THE COURT:  Any other objections or corrections?
19          MS. BUTTERWORTH:  No, Your Honor.
20          THE COURT:  The Base Offense Level for Mr. Gil starts
21  at 22.  He gets an added 2 levels because it involved three or
22  more firearms.  He gets an added 4 levels for connection to
23  drug offenses, and then 3 off for acceptance.  Makes him a 25
24  with a Criminal History Category III based on 4 points.
25          Advisory Guideline Range 70 to 87 months, supervised

1   release up to 3 years, possible fine, possible assessment.
2           Do you concur in the applicable guidelines,
3   Ms. Butterworth?
4           MS. BUTTERWORTH:  Yes, Your Honor.
5           THE COURT:  I guess you're going up to the Fifth
6   Circuit, right?
7           MS. BUTTERWORTH:  I'm sorry, Judge?
8           THE COURT:  You're going to go up to Fifth Circuit on
9   this?
10          MS. BUTTERWORTH:  Possibly so.  I've explained to
11  Mr. Gil kind of what is going on with the -- with the current
12  law on this particular case.
13          I plan on withdrawing and not handling the appeal,
14  because I don't feel like I'm -- first of all, I don't know
15  that I'm on -- I'm qualified on the appellate wheel, so we've
16  had a discussion on this where I will be, after today, I will
17  be filing a motion to withdraw, so that he could get an actual
18  probably better appellate lawyer to continue this argument.
19          THE COURT:  Well, do you understand that the Supreme
20  Court has granted cert on *Rahimi*?
21          MS. BUTTERWORTH:  Yes, Your Honor.
22          THE COURT:  So it's going to be up to the Supreme
23  Court now.
24          MS. BUTTERWORTH:  Yes.
25          THE COURT:  Mr. Gil is facing 70 to 87 months.

1    What do you wish to say on his behalf before I
2    pronounce his sentence?
3    MS. BUTTERWORTH: So I did file a motion for variance
4    or downward departure. I filed it way back in February, and
5    I'm hoping the Court has taken a look at it again while we were
6    set for here for July, but basically in that motion, I
7    explained that we both understand that my client has to accept
8    responsibility of the -- of the charges that he is facing
9    today, but what has changed and what is huge is that between
10   that time from when he picked up that offense and the man that
11   stands before you today is that he became a father. And, I
12   know the Court hears this everyday, but I truly believe that
13   his actions have proven in the last few months that this is the
14   case, that he is completely changed.
15   He was a very stupid kid. That has resulted in the
16   criminal history that puts him at the punishment range he's
17   looking at right now, but he has changed and he is different,
18   and I think that in his actions just from the date of arrest
19   while we've been pending this whole time, especially from the
20   February sentencing up until today, my client can stand before
21   you, Judge, and continue to tell you that he has had zero
22   problems while out on bond. No dirty UAs, no problems. He has
23   reported. He is seeking counseling. He has done everything
24   correctly, which I think speaks volumes.
25   So we've had an opportunity, based on this delay of

1    wherever the law lands eventually, to show that he's not just
2    all talk, that these aren't just promises, that he has been
3    able to deliver.
4            Since the day he was placed on bond for this offense,
5    he has shown the Court through his actions that he is actually
6    a changed individual.
7            And, in my memorandum I've explained, and my client is
8    going to address the Court in a second, that it's one hundred
9    percent due to the fact that he became a father.  And, that he
10   is now a father to a little girl.  And, unlike many individuals
11   that come before this Court or that we have both seen in our
12   criminal history careers, his actions show that he has changed.
13   He is one hundred percent a different person.
14           And, one of the main reasons that he -- he can address
15   the Court and explain to the Court that why he's different is
16   that he's become sober.  So he's being held today accountable
17   for a different punishment range for someone who is different.
18   He made mistakes as a kid, and they're still haunting him today
19   because he has to be continually punished for them based on his
20   criminal history points.
21           So we're coming before the Court.  I know the Court
22   can do whatever Your Honor wants, and that the guidelines are
23   advisory, and that the law allows you to send my client to
24   prison, but I think we both understand that just because the
25   law allows it, sometimes it's not the right choice, and the law

1   says it should be based on an individual basis.  And, my client
2   has had an opportunity based on the delay of his case to show
3   you that he truly has changed.
4          I think it would be sad and almost a waste to send
5   this individual to prison when I don't believe prison is
6   appropriate anymore for him.  Perhaps it would have been if he
7   had continued down the road that he was heading down, but then
8   he had a little girl and became a father and did everything
9   right.  Just because somebody becomes a dad doesn't mean
10  anything, but he has actually walked the walk, and this little
11  girl of his has completely changed his life, and he's a hundred
12  percent sober now.  So I don't think prison is appropriate
13  anymore just because he can go.
14         I think he has shown by his actions that -- the
15  substantial change that he has made.  He doesn't have to tell
16  you I will change.  He has now been able to, based on this
17  delay, proven that he has changed.  And so, we're asking the
18  Court to take that into consideration.
19         He's being punished for a past life that he has
20  corrected, and I'm hoping that he gets that benefit.  He has
21  corrected that and wants to be a father to this little girl and
22  change mistakes that he made as a kid before his brain was even
23  fully formed, and that's why we're here today showing the Court
24  not that he's promising he's going to change, but he has
25  changed, Your Honor.

1          THE COURT:  Mr. Gil, before I pronounce your sentence,
2    do you wish to say anything, sir?
3          THE DEFENDANT:  Yes, sir, Your Honor.  As I stand here
4    today, I have done my best to prepare myself for whatever your
5    judgment may be.  I'm not here to dispute responsibility or
6    place blame on anyone but myself for the poor decisions that
7    have placed me here.
8          I have stood in front of you promising -- I'm sorry.
9    I'm sure many have stood in front of you promising the same
10   thing that I'm going to, pleading for the same leniency.
11         I am grateful for this opportunity to speak and
12   hopeful it may represent my intentions in their truest form.
13         Beyond mistakes, I have made a multitude of poor
14   choices, choices I cannot take back, but nevertheless choices I
15   have been actively working on to correct.
16         I promise you and the Court that I am truly repentful
17   and my intentions are to keep correcting and abiding by this
18   path.
19         I am over a year sober, focused on my daughter, my
20   work, and my education.  I am aware that one year of doing what
21   I am supposed to do does not negate the past.  I am only
22   hopeful that you see that I am serious about these changes and
23   plan on continuing getting the help I need.
24         Beyond the guilt that lays on my mind, there is
25   motivation and gratitude in my heart that was not present at

the time of those poor decisions.  I wake up everyday thankful for another opportunity to continue to do right and thankful for another day walking the same earth as my daughter.  With the help of the family and the resources provided, I am getting and doing better day by day.

I pray for the opportunity to show you more.  I am grateful for this clarity brought with sobriety, and wish only to stress the importance of my life on the outside.

I understand consequences must be had, but I plead that I may be able handle these consequences where I am still allowed to be with my daughter.

The gravity of this situation is heavy, and the support and responsibilities of my life have been assisting me with balancing the stress.  I am recovering.  I am focused, and I am serious about doing right by my loved ones and the community.

I understand plenty of people who have been in the situation mean something to someone.  I only wish to show you that I understand the weight and hope that you see that this life, not my old one that lies on the papers before you, means something to me.  Thank you for the opportunity, Your Honor.

THE COURT:  It is the order of the Court that the Defendant, Adrian Gil, II, is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 35 months.  That is a variance based on the fact that

1   Mr. Gil has made many corrections.  He is working full time,
2   and going to college, and has remained sober.
3           Upon release from confinement, he will be placed on
4   reporting supervised release for a term of three years.
5           While on supervised release he shall comply with the
6   mandatory conditions that are listed in 18 United States Code
7   Sections 3583(d).
8           He'll also comply with the standard conditions adopted
9   by the Western District of Texas.
10          He shall participate in a substance abuse treatment
11  program and follow the rules and regulations of that program.
12  The program may include testing and examination during and
13  after program completion to determine if the Defendant has
14  reverted to the use of drugs.  The probation officer shall
15  supervise the participation in the program, determine the
16  provider, location, duration, et cetera.  During treatment, the
17  Defendant shall abstain from the use of alcohol and any other
18  intoxicants.  And, he will pay for cost of such treatment if he
19  is financially able.
20          He'll also participate in a mental health treatment
21  program and follow the rules and regulations of that program.
22  The probation officer, in consultation with the treatment
23  provider, shall supervise participation in the program,
24  determine the location, duration, et cetera.  He shall pay for
25  cost of such treatment if he is financially able.

```
 1           He will take all mental health medications that are
 2   prescribed by the treating physician.
 3           The Defendant shall not use or possess any controlled
 4   substances without a valid prescription.  If there is a valid
 5   prescription, he must disclose the prescription information to
 6   the probation officer and follow the rules and regulations and
 7   instructions on the prescription.
 8           He shall not use or possess alcohol.  He shall not
 9   work in any type of employment without the prior approval of
10   the probation officer.
11           He will submit his person, property, house, residence,
12   vehicle, papers, computers, other electronic communication or
13   data storage devices or media or office to a search conducted
14   by the United States Probation Office.  Failure to submit to a
15   search may be grounds for revocation of release.  He shall warn
16   any other occupants that the premises may be subject to
17   searches pursuant to this condition.  The probation officer may
18   conduct the search under this condition only when there is
19   reasonable suspicion that the Defendant has violated a
20   condition of supervised release, and the areas to be searched
21   contain evidence of that violation.  Any search shall be
22   conducted at a reasonable time and in a reasonable manner.
23           I am not going to order a fine.
24           Mr. Gil will pay the $100 assessment.
25           Any request for recommendation?
```

1       MS. BUTTERWORTH:  Yes, Your Honor.  We're asking for a
2  recommendation to BOP that he be allowed to serve his sentence
3  at La Tuna, if that's possible, and then I'm also requesting on
4  behalf of my client today that he be allowed to turn himself in
5  at the facility.
6       THE COURT:  Let me tell you what I'm going to do,
7  Ms. Butterworth.  I am going to recommend that Mr. Gil be
8  placed at a facility as close to El Paso as possible where he
9  can get the comprehensive residential drug treatment.
10      MS. BUTTERWORTH:  Thank you, Your Honor.
11      THE COURT:  The judgment is also going to reflect a
12 forfeiture of the following properties:
13      The FNHUSA, LLC, model FNX-45 Tactical, .45 caliber
14 pistol.
15      The Romarm/Cugir, model Mini Draco, .762 caliber
16 pistol bearing serial number.  Judgment will reflect the serial
17 number.
18      The Keltec, model CNC Industries, SUB-2000, 40.caliber
19 rifle.  Again, bearing the serial number that will be reflected
20 in the judgment.
21      The Tarus, model 85 Protector Poly, .357 caliber
22 revolver.
23      The Glock .40 caliber handgun bearing serial number,
24 KZB971.
25      The FNHUSA, LL, model 509, 9mm caliber pistol.

```
 1                15 rounds of .45 caliber ammunition.
 2                30 rounds of .762 caliber ammunition.
 3                14 rounds of .40 caliber ammunition.
 4                25 rounds of 9mm caliber ammunition.
 5                Four rounds of .357 caliber ammunition.
 6                And, any and all firearms, ammunition and other
 7     accessories involved in or used in the commission of the
 8     criminal offense.
 9                Mr. Gil, Pretrial Services has informed me that you
10     have met all the terms and conditions of your release, so I am
11     going to allow you to self-surrender.  I'm going to give you a
12     couple of months for that.
13                You will self-surrender wherever you're designated by
14     the Bureau of Prisons on September the 15th of this year by
15     2:00 p.m., directly to whatever facility.
16                Do you understand that?
17                THE DEFENDANT:  Yes, sir, Your Honor.
18                THE COURT:  I expect you to comply with all the terms
19     of your release.  If you do not, I will make sure that you
20     start your sentence earlier.
21                Do you understand that?
22                THE DEFENDANT:  Yes, sir,  Your Honor.
23                THE COURT:  You may be excused.
24                MS. BUTTERWORTH:  Thank you, Your Honor.
25                               * * * * *
```

## CERTIFICATION

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter. I further certify that the transcript fees and format comply with those prescribed by the Court and the Judicial Conference of the United States.

Date:   August 16, 2023

/s/ Maria del Socorro Briggs

Maria del Socorro Briggs