# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | )<br>)<br>) |
| vs | )   NO. EP-22-CR-00773-DB |
| | ) |
| ADRIAN GIL II,<br>    Defendant. | )<br>) |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
## FOR NEW TRIAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas, and files this its Response to Defendant's Motion for New Trial and would respectfully show the Court the following:

### Relevant Procedural Background

Defendant Adrian Gil, II was indicted on June 1, 2022. Defendant Gil was indicted for being a Drug User in Possession of a Firearm, Title 18 U.S.C. § 922(g)(3), ECF No. 4. On November 10, 2022, Defendant Gil pleaded guilty to the Indictment and the Court accepted the guilty plea, ECF No. 30. Defendant Gil, on February 26, 2023, filed a Motion to Withdraw Plea of Guilty, ECF No. 39. The Court denied Defendant's Motion to Withdraw Plea of Guilty on July 5, 2023, ECF No. 44. On July 19, 2023, Defendant Gil was sentenced, ECF No. 45. Defendant Gil filed his notice of appeal on July 21, 2023, ECF No. 48. The instant Motion for New Trial was filed on August 10, 2023, ECF No. 53.

**Argument**

A district court is *without authority* to consider a Rule 33 motion based on anything other than newly discovered evidence unless the motion is filed within the fourteen-day period. *See United States v. Brown,* 587 F.2d 187, 190-91 (5th Cir.1979); *see also United States v. Campa,* 459 F.3d 1121, 1154 (11th Cir.2006) *(en banc)* ("A court may not consider motions for new trial based on any other argument than newly discovered evidence outside the [fourteen- day] period.")

In *Eberhart v. United States,* 546 U.S. 12, at 19, the Supreme Court wrote, "[A]fter *Kontrick,* it is difficult to escape the conclusion that Rule 33 motions are similarly nonjurisdictional. By its terms, Rule 45(b)(2) has precisely the same effect on extensions of time under Rule 29 as it does under Rule 33, and as we noted in **Kontrick,** Federal Rule of Criminal Procedure 45(b) and Bankruptcy Rule 9006(b) are both "modeled on Federal Rule of Civil Procedure 6(b)." 540 U.S., at 456, n. 10. Rule 33, like Rule 29 and Bankruptcy Rule 4004, is a claim-processing rule-one that is admittedly inflexible because of Rule 45(b)'s insistent demand for a definite end to proceedings." (*See United States v. Calderon,* 86 F.3d 200 (11th Cir.1996)). The Court cannot grant an untimely **motion** for judgment of acquittal.

Based on the above authorities and reasoning, it is respectfully submitted that the Court is without authority to consider a motion for a new trial.

**Conclusion**

Based on the foregoing, the government respectfully requests the Court deny Defendant Gil's Motion for New Trial.

Respectfully submitted,

JAIME ESPARZA
UNITED STATES ATTORNEY

By: *Stanley M. Serwatka*
STANLEY M. SERWATKA
Assistant U.S. Attorney
Texas Bar #18038400
700 E. San Antonio, Suite 200
El Paso, Texas 79901
(915) 534-6884

**CERTIFICATE OF SERVICE**

I hereby certify that on the August 17, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following participant:

Matthew DeKoatz,
Attorney for Defendant

/s/
Stanley M. Serwatka
Assistant U.S. Attorney