IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>v.<br><br>ADRIAN GIL II,<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | EP-22-CR-00773-DB |

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

On this day, the Court considered Defendant Adrian Gil's ("Defendant's") "Motion for New Trial," filed on August 10, 2023. ECF No. 53. Defendant urges the Court to grant him a new trial based on changes in the law, specifically the case *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023). On June 1, 2022, Defendant was charged by indictment of the crime of Drug User in Possession of a Firearm, in violation of Title 18 U.S.C. Sec. 922(g)(3). ECF No. 4. Defendant later pleaded guilty to this offense. ECF No. 30. Defendant states that *Daniels* "strikes down, on the basis of the 2nd Amendment, the constitutionality of the statute under which [Defendant] is convicted." Mot. 2, ECF No. 53. The Court finds that Defendant filed his motion outside of the timeframe provided for by law, and thus denies his Motion for New Trial.

While Defendant claims a change in the law that is relevant to the statute to which he pleaded guilty, the Federal Rules of Criminal Procedure are clear as to when a new trial can be granted. Within three years of a finding of guilt, motions for new trial can be filed on the basis of newly discovered evidence. Fed. R. Crim. P. 33(1). Defendant is not alleging any newly discovered evidence in his case, only the change in the law. For anything other than newly discovered evidence, the motion for new trial "must be filed within [fourteen] days after the

1

verdict or finding of guilty." Fed. R. Crim. P. 33(2). Further, district courts do not have jurisdiction to consider a new trial motion filed beyond the time limit contained in Rule 33. See *United States v. Brown*, 587 F.2d 187, 189 (5th Cir. 1979).

On November 10, 2022, Defendant pleaded guilty to the indicted charge. ECF No. 30. He did not file his Motion for New Trial until August 10, 2023. Between the plea of guilty and the filing of the Motion for New Trial, 273 days elapsed, much more than the fourteen days permitted by law.

Although Defendant claims a change in the law impacting his case, the Court finds that Defendant did not allege any newly discovered evidence and did not file his Motion for New Trial timely, within the required fourteen days after a finding of guilt, and thus denies his Motion for New Trial.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's "Motion for New Trial," ECF No. 53, is **DENIED**.

SIGNED this 15th day of **September 2023**.

---
**DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**