IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. EP-22-CR-0773-DB |
| ADRIAN GIL, II, | § § § | |
| Defendant. | § § | |

## MOTION TO MODIFY SCHEDULING ORDER

The government respectfully moves to modify the scheduling order of May 16, 2024 (ECF No. 67) to allow more time for resolution of the appellate process and for the Supreme Court to decide pending cases that will affect this Court's analysis on remand. In particular, the government respectfully requests that this Court postpone the current briefing schedule to be reset after a status conference following decisions by the Supreme Court in *United States v. Rahimi*, No. 22-915, and on the government's related certiorari petition in *United v Daniels*, No. 23-376. In the alternative, the government seeks an additional twenty-one days to brief this Court on the current Fifth Circuit panel opinion in this case.

### I.

### Procedural History

On June 1, 2022, Defendant Adrian Gil, II, was indicted in a one count Indictment under 18 U.S.C. § 922(g)(3), which prohibits firearm possession by users of illegal drugs, (ECF 4). An arrest warrant was issued, (ECF 8). Defendant was in state custody, having been arrested by El

Paso Police on a state drug charge. Defendant was arrested on the warrant but granted a $20,000.00 ten percent bond and posted bond on June 23, 2022, (ECF 15).

On November 10, 2022, Defendant pleaded guilty to the Indictment. On February 16, 2023, Defendant's sentencing, after several previous resets, was set for March 3, 2023, (ECF 38). On February 26, 2023, Defendant filed a Motion to Withdraw Plea of Guilty and Dismiss the Indictment, (ECF 39). The government's reply was filed on March 15, 2023, (ECF 43). The Court, on July 5, 2023, issued its Order denying Defendant's Motion to Withdraw Plea and resetting sentencing for July 19, 2023, (ECF 44).

On July 19, 2023, Defendant was sentenced to thirty-five months incarceration, and three years' supervised release. *See* Judgement and Commitment, (ECF 46). Defendant filed notice of appeal on July 21, 2024. Original counsel withdrew and new counsel for appeal was appointed, (ECF 51).

Defendant filed a Motion for New Trial and a Motion for Bond Pending Appeal on August 8, 2023, (ECFs 53 and 54). On August 14, 2023, Defendant filed a Motion requesting an extension of time to surrender which the Court granted, (ECFs 55 and 56). The Court denied the Motion for New Trial as untimely on September 15, 2023, (ECF 64). Defendant's Motion for Bond Pending Appeal was granted on September 15, 2024, (ECF 65).

Defendant's Motion to Dismiss and his appeal were based on The Fifth Circuit's Opinion in *United States v. Rahimi*, 61 F.4th 443 (5th Cir 2023) *cert. granted*, 143 S.Ct.2688 (2023) and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2023). On May 15, 2024, a Fifth Circuit panel issued a decision vacating Defendant's conviction and remanding the case for this Court to consider Defendant's as-applied challenge under *United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023), *petition for cert. filed,* No. 23-376 (U.S. Oct 10, 2023). *See United States v. Gil*, No. 23-

2

50525, 2024 WL 2186916, at *4 (5th Cir. May 15, 2024). The *Daniels* case had not been decided prior to this Court's decision denying Defendant's motion to dismiss, and this Court did not address it in denying Defendant's motion for new trial as untimely.

## II.

## Argument

Government counsel respectfully requests the Court modify its Scheduling Order for two reasons. First, the Fifth Circuit has not issued its mandate. This Court does not reacquire jurisdiction until the Fifth Circuit's mandate has issued. *See United States v. Cook*, 592 F.2d 877, 880 (5th Cir. 1979). Although the rule is not "strictly jurisdictional" in the sense that a district court lacks the power to proceed, a district court errs by not waiting for the appeals court's mandate. *See United States v. Stafford*, 29 F.3d 181, 184 (5th Cir. 1994).

Even in the absence of a motion to stay, the mandate likely will not issue until 8 days after the time for a petition for rehearing expires – that is, June 6. *See* Fed. R. App. P. 35(c), 40(a)(1); 5th Cir. R. 41 I.O.P. And it may issue later because the government has not yet determined whether to move to stay the mandate and seek further review and because any active judge on the Fifth Circuit may request that the mandate be held. *See* 5th Cir. R. 41 I.O.P. Although this Court may require briefing before issuance of the mandate, that briefing would be superseded by any modification of the current panel opinion, and this court would err in acting on that briefing before the mandate issues, *See Safford,* 29 F.3d at 184.

Second, the Fifth Circuit panel's decision is somewhat nebulous. The panel decision contemplates that this Court will revisit its ruling in light of *Daniels*. *Gil*, 2024 WL 2186916, at *4. However, a decision by the Supreme court in *Rahimi* on how to address Second Amendment challenges to federal criminal statutes may implicate the viability of the *Daniels* decision, which

3

relies substantially on the decision under review in *Rahimi*. *See, e.g., Daniels*, 77 F.4th at 342-44, 351-53.

The government has petitioned for certiorari in *Daniels* and has asked that the Supreme Court either vacate or grant review after deciding *Rahimi*. *See* Pet. for Writ of Cert. 19-21, *United States v. Daniels*, No. 23-376 (U.S. Oct 5, 2023) Decisions in *Rahimi* and on the certiorari petition in *Daniels* may come as early as next week and are expected at the very latest by the end of next month. Whatever briefing counsel may due now may be of little value after the decision comes out in *Rahimi* and if the Supreme court vacates or otherwise grants certiorari in *Daniels*. This Court and both counsel would likely have to revisit their respective positions on the issues. If this Court would modify its Scheduling Order to allow time for the Supreme Court to decide *Rahimi* and the petition in *Daniels*, the parties will be in a better position to advise this Court on how they believe this Court should proceed. A status conference set after the Supreme Court has decided *Rahimi* and *Daniels* would allow the parties and the Court to arrive at an appropriate schedule after those decisions have been issued.

In the alternative, if this Court does not wish to postpone briefing until after the Supreme Court has decided *Rahimi* and *Daniels*, government counsel respectfully requests the Court grant an additional 21 days for the government to submit its brief. The issues previously addressed in its initial response were complex and in light of the *Daniels* opinion have become more so.

Government counsel has contacted Defense Counsel regarding this Motion and Defense Counsel has no objection to the Court modifying its Scheduling Order or granting any continuance. Further, Defendant has been on bond during the appeal under the same terms and conditions since posting his initial bond.

**III.**

The government respectfully requests this Honorable Court grant the Government's Motion to Modify its Scheduling Order. Government counsel respectfully requests the Court schedule a status conference for some time after the Supreme Court rules on the government's certiorari petition in *Daniels* and decides *Rahimi.*

                                        Respectfully submitted,

                                        JAIME ESPARZA
                                        UNITED STATES ATTORNEY

BY:     /s/
            STANLEY M. SERWATKA
            Assistant U.S. Attorney
            Texas Bar # 18038400
            700 E. San Antonio, Suite 200
            El Paso, Texas 79901
            (915) 534-6884

## CERTIFICATE OF SERVICE

      I certify that on this 24th day of May, 2024, I electronically filed this document with the Clerk of the Court using the CM/ECF filing system, which will cause a copy of this document to be sent to:

**Matthew DeKoatz**
Attorney for Defendant
2000 Murchison, Suite C
El Paso, TX 79902
mateodekoatz@yahoo.com

                                      Respectfully submitted,

                                      JAIME ESPARZA
                                      UNITED STATES ATTORNEY

BY:    /s/_____
           STANLEY M. SERWATKA
           Assistant U.S. Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Cause No. EP-22-CR-0773-DB |
| **ADRIAN GIL, II,** | § § § | |
| **Defendant**. | § § | |

## ORDER

On this date came on to be considered the Government's Motion to Modify Scheduling Order. The Court, having considered the motion, is of the opinion that said motion should be granted.

IT IS THEREFORE ORDERED that the Court's Scheduling Order issued on May 16, 2024, is hereby suspended until further order of the Court.

SIGNED and ENTERED this _____ day of _____, 2024.


_____
DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE